J. S38015/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                       :           PENNSYLVANIA
            v.           :
                       :
MARQUIS TART,             :        No. 2510 EDA 2013
                       :
           Appellant     :

Appeal from the Judgment of Sentence, August 8, 2013,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0007038-2011

BEFORE:  FORD ELLIOTT, P.J.E., BOWES AND SHOGAN, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED JULY 29, 2014**

Appellant, Marquis Tart, appeals from the judgment of sentence imposed following his violation of parole hearing on August 8, 2013. Appellant was found to be in technical violation of his parole and was ordered to serve his back time.  We affirm.

On September 1, 2011, appellant entered a negotiated guilty plea to two counts of simple assault and one count of carrying a firearm without a license.  The Honorable Paula Patrick accepted appellant's guilty plea and imposed the negotiated sentence, consisting of concurrent terms of incarceration of 3 to 23 months for each offense followed by four years' probation for the firearms violation.  Approximately five months later, in February of 2012, appellant was released on parole.

While on parole, appellant tested positive for drugs eight times and failed to attend a mandatory drug treatment program. As a result, he was re-arrested and a revocation hearing was held on August 8, 2013 via two-way video-conferencing. At the conclusion of the hearing, Judge Patrick found appellant to be in violation of the conditions of his parole and ordered him to serve the remaining time on his original sentence. Appellant filed a timely petition to vacate and reconsider sentence in which he asserted the trial court failed to comply with the sentencing requirements of 42 Pa.C.S.A. § 9771(c). The trial court denied the petition on August 16, 2013, and this appeal followed. Appellant was ordered to file a statement of errors complained of on appeal; and following the granting of an extension of time to do so, appellant complied. Appellant raises one issue for our consideration:

> Did not the lower court err and deny appellant his right to be present at his parole revocation hearing in violation of the Due Process protections of the United States and Pennsylvania Constitutions and Rule 708 of the Pennsylvania Rules of Criminal Procedure, where the lower court conducted appellant's parole hearing via video where it is clear from the record that appellant could not hear the proceedings and as a result could not understand or effectively participate in the hearing and the lower court made no effort to correct the audio problems or postpone the hearing?

Appellant's brief at 3.

We begin by noting that Pa.R.A.P. 302(a) clearly provides that "[i]ssues not raised in the lower court are waived and cannot be raised for

the first time on appeal." Pa.R.A.P., Rule 302(a), 42 Pa.C.S.A. Appellant contends that he adequately preserved the issue by mentioning he could not hear certain questions or statements at the revocation hearing. While the Commonwealth asserts appellant failed to make a specific objection during the revocation hearing, the record indicates appellant did state he could not hear. Thus, we decline to find waiver.

However, we have reviewed the five-page transcript of the revocation hearing at which appellant was represented by counsel. It appears that whenever appellant indicated he was having difficulty hearing what was being said, that steps were taken to ensure appellant understood what was happening. Appellant answered questions posed to him by his counsel and Judge Patrick. At one point, after several exchanges between the court and appellant, appellant said, "I can't hear you." (Notes of testimony, 8/8/13 at 6.) The following then occurred:

> The Court: I said what excuse do you have for smoking drugs while you were on supervision?
>
> The Defendant: I can't understand you.
>
> The Court: I said what is it that caused you to use the drugs while you were on supervision?
>
> The Defendant: I had a friend that was -- I lost a friend.
>
> Defendant's counsel: He says he lost a friend.

*Id.* Appellant was then sentenced to back time for being in violation of parole. (*Id.* at 8.)

Appellant attempts to argue that there was no way for counsel to know what he could and could not hear during the revocation hearing. Again, the record indicates otherwise. Throughout the hearing, appellant's counsel spoke to him and, at one point, asked him, "Can you hear now?" and he responded, "Yes." (*Id.* at 7.) Counsel then repeated what she had just told the court. It is clear appellant understood and then asked a relevant follow-up question.[1]

---

[1] This is the exchange:

> The Court: He was given FIR, [Forensic Intensive Recovery] he did not comply with the FIR program at all, and he was discharged for non-compliance, so even if he had a drug problem he was put in a place where he could address it, and with all the positive screens, he wasn't interested in the treatment at all.
>
> Defendant's Counsel: Mr. Tart, can you hear us?
>
> The Defendant: Not really no, not really.
>
> Defendant's Counsel: Is that better? Can you hear now?
>
> The Defendant: Yes.
>
> Defendant's Counsel: I told the judge that you are working a job and that [] you're a high school graduate and that this is your first time violating. The judge has imposed your back time.
>
> The Defendant: Meaning?
>
> The Court: You [defendant's counsel] can explain it to him.

*Id.* at 7.

While over the course of five pages there were a few instances where appellant said he did not hear something, the trial court and counsel saw to it that whatever appellant missed was repeated until he said he understood. Accordingly, we find no merit to appellant's claim that he was "effectively denied" the right to be present at his revocation hearing because of audio problems.[2]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/29/2014

---

[2] We note appellant admitted he violated the conditions of his parole when he stated he knew he was not supposed to be smoking drugs. (*Id*. at 5-6.)